**KRAUS et, Appellant, v. CLEVELAND (City) et, Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23047.   Decided August 10, 1954.

William J. Kraus, for plaintiff-appellant.

Joseph H. Crowley, Dir. of Law, Charles W. White, Bert J. Fulton, Assts. Dir. of Law.

(DOYLE, PJ, STEVENS and HUNSICKER, JJ, of the Ninth District, sitting by designation in the Eighth District.

## OPINION

By STEVENS, J.

In this taxpayer's action, plaintiff sought a permanent injunction restraining the defendants "from expending any money, directly or indirectly, for the fluoridation of city water, or for any other purpose under Resolution 270-51, Ordinances 2061-51 and 585-52, and Board of Control Resolutions 326-52 and 327-52; that said defendants be restrained from advertising for bids or entering into and signing any contracts pursuant to said Ordinances and Resolutions; that said Ordinances and Resolutions be declared null, void, of no force and effect, and unconstitutional; that all contracts entered into by the defendant City of Cleveland, pursuant to the authority contained in said Ordi-

nances and Resolutions, be declared void, illegal and of no force and effect * * *."

Defendants are the City of Cleveland, its Director of Public Utilities, and its Treasurer.

After a hearing, the trial court denied the relief sought and dismissed plaintiff's petition. From the judgment entered, plaintiff has appealed to this court on questions of law.

By the stipulation of facts, filed therein, it was conceded that all legal steps necessary to the maintenance of a taxpayer's action had been duly taken by plaintiff.

In the petition of plaintiff it was charged that the City of Cleveland, a municipal corporation, operated, as one of its proprietary functions, a municipal water department, and enjoyed a monopoly of the water supply system of said city. Plaintiff further said that, at all times mentioned therein, Amendments I and IV of the Constitution of the United States were in full force and effect; also **Article I, Sections 1 and 7, Ohio Constitution, and Article XVIII, Section 3, Ohio Constitution.** The following sections of the Ohio General Code were also set forth and relied upon: §§1252-1, 1261-16, 4404, 4413, 3616, 3619, 3646, 1286, 12694, 12796, 1296-1, 1329, 1329-1 and 12714 GC.

The following section of the Cleveland City Code was quoted and relied upon: Section 673; also Section I of the Cleveland City Charter.

The following ordinances and resolutions were set forth, which in part furnished the basis for the action filed below:

Emergency Resolution No. 270-51, which was in part as follows:

"Be it resolved by the Council of the City of Cleveland:

"Section I. That the Director of Public Utilities be requested to take the steps necessary to begin the treatment of city water with fluorides."

Emergency Ordinance No. 2061-51, which was as follows:

"Be it ordained by the Council of the City of Cleveland:

"Section 1. That existing Ord. No. 996-51, passed May 14, 1951, be and the same is hereby repealed.

"Section 2. That pursuant to Section 167 of the Charter of the City of Cleveland it is hereby determined to make the public improvement of furnishing and installing fluoridation equipment at Division, Baldwin and Nottingham filter plants, Department of Public Utilities, by contract duly let to the lowest responsible bidder after competitive bidding for a gross price, provided that separate contracts may be made with the lowest responsible bidder for each or any combination of the component parts of said improvement.

"Section 3. That the Director of Public Utilities be and he hereby is authorized and directed to enter into a contract or contracts for the making of the above public improvement with the lowest responsible bidder after competitive bidding for a gross price. Said contract or each of them shall contain a provision that the contractor upon request of said director shall furnish a correct schedule of unit prices, including profit and overhead upon all items constituting said improvement.

"Section 4. That the cost of said improvement hereby authorized shall be paid from Fund No. 201 (Ord. No. 1642-49); Request No. 226-51."

216

Resolutions of the Board of Control of the City of Cleveland were as follows:

"No. 326-52.

"Resolved, by the Board of Control of the City of Cleveland, that the bid of The Sweeny and Wise Company for the following:

"Furnishing and installing fluoridation equipment, Item 1, for the Division of Water and Heat, Department of Public Utilities, which on the basis of estimated quantities would amount to forty thousand, seven hundred ninety-two and no/100 ($40,792.00) dollars, received on the 28th day of March, 1952, is hereby affirmed and approved as the lowest responsible bid, and the Director of Public Utilities is hereby requested to enter into contract for such commodities."

"No. 327-52.

"Resolved, by the Board of Control of the Cty of Cleveland, that the bid of The John N. Murnane Company for the following:

"Furnishing and installing fluoridation equipment, Items 2 and 3, for the Division of Water and Heat, Department of Public Utilities, which on the basis of estimated quantities would amount to seventy-five thousand, two hundred ninety and no/100 ($75,290.00) Dollars, received on the 28th day of March, 1952, is hereby affirmed and approved as the lowest responsible bid, and the Director of Public Utilities is hereby requested to enter into contract for such commodities."

Emergency Ordinance No. 585-52 was in part as follows:

"Be it ordained by the Council of the City of Cleveland:

"Section 1. That the Director of Public Utilities be and he hereby is authorized and directed to make a written contract in accordance with the Charter and Municipal Code for each or all of the following items:

"Not to exceed 700 tons of fluoride chemicals, to be purchased by the Commissioner of Purchases and Supplies upon a unit basis for the Divison of Water and Heat, Department of Public Utilities.

"Section 2. That the cost of said contract hereby authorized shall be paid from Fund 101-B-9; Request No. 119-52."

Pursuant thereto, bids were advertised for, received and tabulated, in the manner provided by law.

Plaintiff claimed that the above ordinances and resolutions providing for the fluoridation of the municipal water supply of the City of Cleveland were unconstitutional under both the Federal and Ohio Constitutions; were in conflict with the laws of Ohio; were beyond the powers granted the City of Cleveland by its Charter; were indefinite, unreasonable, discriminatory and arbitrary on their face, because they did not set forth the exact fluoride chemical to be used, the concentration of chemical to be used, compelled all water users to drink fluoridated water, although intended to benefit only children from six to twelve years of age: were contrary to existing contracts with suburban communities, which called for the City of Cleveland to furnish pure, potable and palatable water to the citizens of said communities; that said citizens were not permitted to exercise a free choice in the use of fluoridated water; that said ordinances and resolutions violated the State and Federal constitutional guarantees of freedom of religion; provided for mass

medication and medical experimentation; constituted an adulteration of food and drink contrary to the State and Federal Pure Food and Drug Acts; authorized and directed the Director of Public Utilities of said city to practice medicine, dentistry and pharmacy, contrary to the laws of the State of Ohio; and last, were invalid because they were in direct conflict with Section 673 of the Code of the City of Cleveland.

For answer, the defendants alleged that the petition did not state facts sufficient to constitute a cause of action; admitted that plaintiff was a taxpayer of the City of Cleveland, and duly brought his action in that capacity; admitted that Sections 1, 87 and 90 of the Charter of the City were substantially as set forth in the petition; admitted that the City of Cleveland was a municipal corporation, duly organized and existing under the constitution and laws of the State of Ohio, and a charter duly adopted by its electors; admitted that said City operated a water works substantially as alleged; admitted that Secton 673 of the Municipal Code of Cleveland, as amended, was substantially as set forth in the petition; admitted that Resolutions 270-51, Ordinances 2061-51 and 585-52, and Board of Control Resolutions 326-52 and 327-52, were substantially as set forth in the petition; admitted that defendant Crown will, unless restrained, execute contracts pursuant to the awards approved by the Board of Control in its Resolutions 326-52 and 327-52; and denied all and singular the allegations of the petition not admitted or qualifiedly admitted.

For a third defense, defendants said that the City of Cleveland was a duly organized municipal corporation under the Constitution and laws of Ohio and a charter duly adopted by its electors.

Defendants then set forth in extenso the following Charter provisions, or parts thereof, of the City of Cleveland: Sections 1, 2, 24, 67, 77, 78, 79, 80, 82, 99, 100, 108, 111, 143, and 167; and the adoption by the City Council of Resolutions 1869-50 and 270-51, Ordinances 996-51, 2061-51 and 585-52, and Board of Control Resolutions 326-52 and 327-52; stated that, due to the pendency of this action, defendant Crown had not executed contracts in accord with the aforesaid awards. Defendants then further alleged "that the determination of the feasibility and practicability of treating city water with fluorides has been made by the proper legislative and executive authorities of the municipality after due and extensive inquiry and consideration, including numerous and extended hearings where facts and arguments pro and con were submitted and given consideration. Said determination was in all respects made in the manner prescribed by the aforementioned provisions of the Municipal Charter. Wherefore, these defendants pray that an injunction be denied; that the petition be dismissed," etc.

The reply of plaintiff, after certain admissions, was, in effect, a general denial of the allegations of the answer.

Appellant has set forth fifteen assignments of error, twelve of which deal with claimed error in the judgment of the lower court, two with the admission and exclusion of evidence, and the fifteenth, the catch-all assignment, "other errors apparent on the face of the record."

The case raises the primary question as to the constitutional validity

of the municipal legislation enacted by the City of Cleveland through its council.

We are met at the outset of our considerations by the pronouncement of the Supreme Court of the United States in Jacobson v. Commonwealth of Massachusetts, 197 U. S. 11, 49 L. Ed. 643, where in the court, speaking through Mr. Justice Harlan, at p. 31 stated the following:

'If there is any such power in the judiciary to review legislative action in respect of a matter affecting the general welfare, it can only be when that which the legislature had done comes within the rule that, if a statute purporting to have been enacted to protect the public health, the public morals, or the public safety, has no real or substantial relation to those objects, or is, **beyond all question,** a plain, palpable invasion of rights secured by the fundamental law, it is the duty of the courts to so adjudge, and thereby give effect to the constitution." (Emphasis ours.)

Also by the statement of the Supreme Court of Ohio, in **State Board of Health, et al., v. City of Greenville, et al., 86 Oh St 1,** at p. 21:

"This particular legislation * * * is designed to preserve and protect the public health and comfort, and, therefore, falls directly within the police power of the state. This power includes anything which is reasonable and necessary to secure the peace, safety, health, morals and best interests of the public. It is now the settled law that the legislature of the state possesses plenary power to deal with these subjects so long as it does not contravene the Constitution of the United States or infringe upon any right granted or secured thereby, or is not in direct conflict with any of the provisions of the Constitution of this state, and is not exercised in such an arbitrary and oppressive manner as to justify the interference of the courts to prevent wrong and oppression."

Do the fluoridation ordinances, duly enacted by the legislative body of the City of Cleveland, acting under the Home Rule Amendment to the Constitution of the State of Ohio (Art. XVIII, Secs. 3 and 7), offend against the rules above set forth?

The City Council knew, as shown by this record, of the opposing theories, advanced by scientists and doctors, respecting the value to health of the use of fluorides in the water supply of the City of Cleveland.

It was the duty of the City Council to determine, from the conflicting theories, which would inure to the benefit and welfare of the entire community or to a fractional part thereof.

The City Council, acting in the same right as the State Legislature, resolved the question by determining that expertly controlled fluoridation of water was effective to prevent caries in the teeth of children between six and twelve years of age, and that, as to others, it had no harmful effect.

We are unable to say, from the record before us, that the legislation adopted, purporting to have been enacted to protect the public health, has no real or substantial relationship to that object, or was, **beyond all question,** a plain and palpable invasion of rights secured by the fundamental law.

Upon the constitutional aspects of this case, we decide against this appellant.

As to the other errors assigned, we have carefully considered each of them, and we find no prejudicial error to have intervened as to any of them.

The judgment will be affirmed.

DOYLE, PJ, HUNSICKER, J, concur.